IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Judge Jordan<br>No. 4:19-CR-00228 |
| BYRON ALCIDES BERGANZA ESPINA | § § | |
| | | |
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Judge Mazzant<br>No. 4:19-CR-00320 |
| BYRON JOSE BERGANZA ROQUE<br>    a.k.a. "Chino" | § § § | |

### REPLY IN SUPPORT OF GOVERNMENT'S MOTION TO CONSOLIDATE

COMES NOW the United States of America, by and through the United States Attorney for the Eastern District of Texas, and files this reply in support of its motion to consolidate. Berganza Espina's late-filed[1] opposition to consolidation does not supply a reason for separate trials. His sole complaint—that his son will tell the jury that he is involved in drug trafficking—fails the test for antagonistic defenses. *United States. v. Macias*, No. 4:08cr098, 2009 WL 508719, *3 (N.D. Tex. Mar. 2, 2009). To call for separate trials, antagonistic defenses must be "so irreconcilable that the jury will infer that both defendants are guilty solely due to the conflict." *Id*. at *1. His attorney's vague assertion that his co-defendant "will make statements that implicate my client in the

---

[1] The government filed and served its motion to consolidate on August 26, 2021. Berganza Espina's response was due on September 9, 2021, fourteen-days after the government served its motion. Local Rule CR-47(b)(1) Berganza Espina filed his response on September 22, 2021— 13 days *after* it was due.

**Government's Reply   1**

narcotics business" does not clear this threshold.

## I. Courts Prefer to Join Co-Conspirators as Co-Defendants.

As an initial matter, joinder of multiple defendants is permitted "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). The presumption in favor of joinder is "heavy," and to surmount it, a defendant must show that "(1) the joint trial prejudice[s] him to such an extent that the district court [can]not provide adequate protection; and (2) the prejudice outweigh[s] the government's interest in economy of judicial administration." *United States v. Ledezma-Cepeda*, 894 F.3d 686, 690 (5th Cir. 2018); *see also United States v. Williamson*, 482 F.2d 508, 512 (5th Cir. 1973) (a defendant must "convincingly demonstrate" both points). "Generic allegations of prejudice will not suffice, for 'neither a quantitative disparity in the evidence nor the presence of a spillover effect requires a severance.'" *Ledezma-Cepeda*, 894 F.3d at 690 (internal citations omitted); *see also United States v. Williams*, 809 F.2d 1072, 1085 (5th Cir. 1987) (a spillover effect, by itself, is an insufficient predicate for a motion to sever, and "additional evidence adduced at joint trials does not constitute compelling prejudice by itself"). A defendant must therefore show a "specific and compelling prejudice" of a type against which the trial court will be unable to afford protection. *United States v. Faulkner*, 17 F.3d 745, 759 (5th Cir. 1994) (internal quotations omitted).

Even where a high risk of prejudice is present, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539-41. *See, e.g., United States v. Mann*, 161 F.3d 840, 863 (5th Cir. 1999) (concluding

**Government's Reply   2**

that trial court protected against prejudice by instructing jury to consider separately evidence as to each defendant); *United States v. Stouffer*, 986 F.2d 916, 924-25 (5th Cir. 1993) (holding similarly where defendants accused each other of crime); *United States v. Becker*, 569 F.2d 951, 964 (5th Cir. 1978) (severance is justified only if any prejudice flowing from a joint trial is clearly beyond the curative powers of a cautionary instruction).

Additionally, in conspiracy cases, the Fifth Circuit "generally favor[s] specific instructions over severance" "because it is generally presumed that juries follow the instructions given to them by the district court and are capable of compartmentalizing the evidence against each defendant." *Ledezma-Cepeda*, 894 F.3d at 690 (internal citations, brackets, and quotation marks omitted); *see also United States v. Posada-Rios*, 148 F.3d 832, 863-64 (5th Cir. 1998) (because a jury is presumed to follow the court's instructions, instructions are generally sufficient to cure the possibility of prejudice). Even when the evidence in a case is "both massive and complex," the court can "explicitly instruct[] the jury to consider each offense separately and each defendant individually." *United States v. Whitfield*, 590 F.3d 325, 356 (5th Cir. 2009) (quoting *United States v. Manzella*, 782 F.3d 533, 540 (5th Cir. 1986)) (internal quotation marks omitted). "Limiting instructions such as these are generally 'sufficient to prevent the threat of prejudice resulting from unsevered trials.'" *Id.* (quoting *United States v. Massey*, 827 F.2d 995, 1005 (5th Cir. 1987)).

**Government's Reply**   3

## II. The Core of Each Defense Theory Is Not Irreconcilable.

Testimony from a defendant implicating his co-defendant does not necessarily create an irreconcilable conflict at trial. There is no "bright-line rule mandating severance whenever codefendants have conflicting defenses." *See, Zafiro v. United States*, 113 S.Ct 933, 937-38 (1993). "[T]he characterizations of the effort of one defendant to shift the blame from himself to a codefendant neither control nor illuminate the question of severance." *Id*. at 937. Instead, the Supreme Court has repeatedly approved of joint trials and "reversed relatively few convictions for failure to grant a severance on grounds of mutually antagonistic or irreconcilable defenses." *Id*.

Courts routinely resolve this issue in favor of joinder. In *United States v. Macias*, Macias argued for separate trials because he planned to testify that he had no knowledge of any violation of law or intent to commit a crime but that his co-defendants were guilty. *United States v. Macias*, 2009 WL 508719 at * 3. Macias' core defense was that he lacked sufficient knowledge or intent to break the law. *Id*. The jury could believe that statement regardless of whether it believed his testimony about his co-defendants. *Id*. And Macias did not explain how the guilt of his co-defendant proved his innocence. *Id*. The court denied his motion to sever. *Id*.

Under similar circumstances, the Fifth Circuit upheld the district court's decision to try testifying co-defendants together. *United States v. Daniels*, 281 F.3d 168 (5th Cir. 2002). There, three prison guards were indicted for the battery of a prisoner. *Id*. at 172. Two of the guards took part in the beating. *Id*. The third was their supervisor. *Id*. He watched the beating and did nothing to stop it. *Id*. at 173. Afterwards, all three denied the

**Government's Reply   4**

prisoner medical care. *Id*. The court tried the guards and their supervisor together. *Id*. At trial, the supervisor testified that he saw the other two guards attacking the prisoner but was so shocked by the brutality that he was paralyzed into inaction. *Id*. At the same trial, the other two guards argued that the government could not prove that they attacked the prisoner. *Id*. at 177. The Fifth Circuit held that it was "arguable at best that the defenses in this case were mutually antagonistic[.]" *Id*. The core of the supervisor's defense was not that the other guards were guilty, but that he was too paralyzed to act. *Id*. The identity of the prisoner's attackers was merely peripheral to his argument. *Id*. Conflict about peripheral matters does not call for separate trials. *Id*. The court further reasoned that the jury could believe that the supervisor was paralyzed and mistaken about the identity of the attackers. *Id*. As a result, a joint trial did not compromise the defendants' trial rights. *Id*.

Supreme Court precedent agrees. In *Zafiro*, four defendants were tried together for cocaine distribution. *Zafiro*, 113 S.Ct at 936. One day, officers saw Garcia and Soto put a box in Soto's car and drive to Zafiro's apartment. *Id*. Officers followed them as they carried the box upstairs. *Id*. When officers identified themselves, Garcia and Soto dropped the box and ran into the apartment. *Id*. Officers followed them and found all four defendants in the living room. *Id*. The police got a search warrant. *Id*. Inside the apartment they found cocaine, heroin, and marijuana. *Id*. At trial, each defendant blamed the other. *Id*. Soto testified that he did not know about the drugs and that Garcia asked him for a box. *Id*. Garcia did not testify, but his lawyer argued that the drugs and the box belonged to Soto. *Id*. Zafiro testified that her boyfriend used her apartment to deal drugs

**Government's Reply**   5

without her knowledge. *Id*. Zafiro's boyfriend did not testify, but his lawyer argued that he was just visiting his girlfriend and had no idea she dealt drugs. *Id*. The Supreme Court held that joinder was proper. *Id*. It noted that "a defendant normally would not be entitled to exclude the testimony of a former codefendant if the district court did sever their trials[.]" *Id*. at 938. So, the court saw "no reason why relevant and competent testimony would be prejudicial merely because the witness is also a codefendant." *Id*. The same holds true here. Berganza Espina normally would not be entitled to exclude his son's testimony. So, his vague assertion that his son will incriminate him at trial does not override the government's interest in joinder.

### III. Berganza's Attorney Declaration Does Not Show Irreconcilable Defenses.

Berganza Espina argues two case. The first, *United States v. Rojas-Martinez*, held that the defendants did not have antagonistic defenses and were not entitled to separate trials. *United States v. Rojas-Martinez*, 968 F.2d 415, 419 (5th Cir. 1992). The second, *United States v. Romanello*, is distinguishable. There, the government accused the defendants of conspiring to steal and transport jewelry in interstate commerce. *Id*. at 173. Defendant Vertucci was an airport employee. *Id*. at 175. In his telling, a customer asked Vertucci to put his bags in storage until the customer's flight arrived the next day. *Id*. Those bags held gold chains. *Id*. According to Vertucci, he was robbed while transporting the bags to the airport storage facility and chained to a light pole. *Id*. His assailants were his co-defendants, Mendez and Romanello. *Id*. at 174-75. Two days later, police stopped Mendez and Romanello on the highway for a traffic violation. *Id*. at 175. Officers

**Government's Reply   6**

searched the car. *Id*. They found the bags that Vertucci had reported stolen. *Id*. At trial, the core of Vertucci's defense was that he had been robbed and, therefore, did not intend to steal the jewelry. *Id*. Mendez and Romanello's defense was that they had not stolen the gold but innocently accepted a job to drive the bag to New York. *Id*. The Court held that these defenses were irreconcilable because a juror could not believe that both were true. *Id*. at 177.

According to Berganza Espina's Attorney Declaration, Beganza Espina's son will testify that he is innocent but "will make statements that implicate [Berganza Espina] in the narcotics business." ECF No. 31 ¶ 4. The declaration does not explain what the son intends to say or how those statements conflict with the core of Berganza Espina's defense. It is unclear how the son's incriminating statements about the father are even relevant to the son's defense, let alone core to it. Notably, Berganza Espina already admitted that he was in the narcotics business when he pled guilty to drug importation charges in the Southern District of New York. *United States v. Berganza*, 1:03-CR-00987, ECF No. 148 (Apr. 18, 2008). At best, Berganza Espina has raised a potential conflict over a peripheral matter. Conflicts over peripheral matters do not call for separate trials. *Daniels*, 281 F.3d at 177.

### IV.   The Court Can Cure Any Potential Prejudice with a Jury Instruction

Even if Berganza Espina could show a prejudicial conflict, the Supreme Court has approved limiting instructions to cure this prejudice. *United States v. Daniels*, 281 F.3d 168, 177 (5th Cir 2002); *United Sates v. Matthews*, 178 F.3d 295, 299 (5th Cir 1999).

(1) That the jury must consider the evidence separately and independently

**Government's Reply   7**

for each defendant and each charge; (2) that the government's burden was to prove each defendant's guilt beyond a reasonable doubt; (3) that no inferences must be drawn from the defendant's exercise of the right to silence; and (4) that statements by the lawyers, including opening and closing, are not evidence.

*Daniels*, 281 F.3d at 177. These instructions address Berganza Espina's concerns.

## V. CONCLUSION

The court should consolidate Berganza Espina's case with the case against his son, Berganza Roque.

NICHOLAS J. GANJEI
Acting United States Attorney

__/s/_____
COLLEEN BLOSS
Assistant United States Attorney
Texas Bar No. 24082160
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on September 27, 2021, this document was filed with the Clerk using the CM/ECF filing system, which will cause a copy of this document to be delivered to counsel for defendant via electronic mail.

___/s/_____
COLLEEN BLOSS