UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

CASE NO. 4:19 CR 228 (Judge Mazzant)

UNITED STATES OF AMERICA,

*vs.*

BYRON ALCIDES BERGANZA ESPINA,

*Defendant.*

_____/

DEFENDANT'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO TAKE A FOREIGN DEPOSITION

I, Alexei Schacht, an attorney admitted to practice law before this Court, hereby declares that the following is true under the penalty of perjury:

1. This is a supplemental response in opposition to the Government's Motion to take the foreign deposition of a cooperating witness in Guatemala.

2. The purpose of this supplement is to clarify and expand upon the conversation that the parties and the Court had during the Court conference last week.

3. I have completed my research and it seems that there is no case exactly on point but that the closest case in this Circuit supports our position that the deposition should not be ordered. This is because in that case, ***United States v. Tunnell***, 667 F.2d 1182 (5th Cir. 1982), the defendants were both physically present at the taking of the out-of-court

1

deposition. That is a key problem in the case at bar where the Government proposes that the defendants not be present during the deposition.

4. Here, on the contrary, the Government claims that it is impossible for the defendants to be present in Guatemala or for the witness to be brought to the United States. But they provide no basis for these claims other than the "opinion" of an inexperienced DEA agent. As we stressed before, the Government can dismiss the witness' American case without prejudice so he will not need to be arrested when he comes here; or he can be arrested and released on bail to serve the rest of his term in Guatemala before being returned to the United States. In fact, since he is cooperating he will have every incentive to agree to whatever terms are proposed to him to get the maximum benefit from the Government. In any event, the Government seems to have made no real attempt to work around the false "problem" of his having an American warrant for his arrest.

5. Furthermore, what makes our case so unique, and why I said that this would be the first time in American history that such a procedure would ever be allowed is this - of course, as the Court noted, sometimes videotaped statements are admitted in court. Indeed, I cited one example myself in my initial opposition papers. *See e.g.,* **Maryland v. Craig**, 497 U.S. 83 (1990). But this situation is unique in that there is no other evidence that my client engaged in some drug transaction than this convicted murderer's word.

6. A.U.S.A. Colleen Bloss was candid on this point and told your Honor that regarding this alleged transaction (one of a couple the Government alleges my client participated in) there is no evidence at all other than the informant's word. This would be unique in American history, to allow a person to be convicted based only upon the testimony of a single witness with no corroboration where the jury and defendant would not even get to see that witness live or in person.

7. This would be particularly awful and a violation of fundamental fairness because of who this witness is; basically a mass murderer (I am aware of many other murders beyond the one of conviction that he is responsible for) and large-scale international drug trafficker. This is a far cry from the child abuse victim/witness in **Maryland v. Craig**.

8. Indeed, every case cited by me or the Government so far on this issue concern situations where the out-of-court deposition is a piece of evidence in the case and is supported by other evidence. For example, in **Tunnell**, there was a videotape of one of the defendant's committing the crime and the deposition was taken in the defendant's presence. This case would be unique.

W H E R E F O R E, the Defendant would respectfully request that this Honorable Court deny the Government's motion. I declare under the penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

_____
Alexei Schacht
(AS9304)
Attorney at Law
123 West 94th Street
New York, New York 10025
(646) 729-8180
alexei@schachtlaw.net
www.schachtlaw.net

Dated: October 5, 2021

*CERTIFICATE OF SERVICE*

**I HEREBY CERTIFY** that on this 5th day of October, 2021 I electronically filed the

foregoing document with the Clerk of the Court and upon all parties listed in the case's docket using

CM/ECF.

Respectfully submitted,

/s/ Alexei Schacht

Alexei Schacht, Esq.
Attorney for the Defendant
123 West 94th Street
New York, New York 10025
(646) 729-8180
alexei@schachtlaw.net
www.schachtlaw.net