# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   Case Number: 4:19-cr-00228 |
| | §   Judge Mazzant |
| BYRON ALCIDES BERGANZA ESPINA | § |
| | § |
| BYRON JOSE BERGANZA ROQUE | § |
| a.k.a. "Chino" | § |

## MEMORANDUM OPINION & ORDER

Pending before the Court is the Government's Motion for Complex Case Designation in the case of *United States v. Berganza Espina* (Dkt. #24).[1] Alternatively, the Government moves the Court to continue the cases to allow the parties effective time to prepare for trial (Dkt. #24). Having considered the motion and the relevant assertions made before the Court, the Court finds the motion should be **DENIED**.

### BACKGROUND

Defendants in these respective cases are a father and son from Guatemala. The father, Defendant Berganza Espina ("Defendant 1"), was a Guatemalan drug trafficker in the late 1990s and early 2000s (Dkt. #23 at p. 1–2). In 2003, law enforcement used a confidential informant to record Defendant 1's conversation with a co-conspirator, in which the three discussed a drug shipment (Dkt. #23 at p. 2). Later that year, Defendant 1 was arrested and extradited from Guatemala to face charges in the Southern District of New York (Dkt. #23 at p. 2). Though he was sentenced to approximately 21 years imprisonment, he served only seven (Dkt. #23 at p. 2).

---

[1] The Court consolidated the case of *United States v. Berganza Espina* (4:19-cr-00228) with the case of *United States v. Berganza Roque* (4:19-cr-00320) on October 22, 2021 (Dkt. #42). Prior to consolidation, the Government had also filed a Motion to Designate Complex the case of *United States v. Berganza Roque* (4:19-cr-00320) (Dkt. #21).

The Government claims Defendant 1 did not cease his drug operations during his time in prison (Dkt. #23 at p. 2). In fact, the Government alleges he brought his sons into an alleged "family business" (Dkt. #23 at p. 3). Further, when Defendant 1 left prison and returned to Guatemala, he allegedly "resumed his role at the helm of the family drug business" and continued working with his sons, one of whom is Defendant Berganza Roque ("Defendant 2") (Dkt. #23 at p. 3).

On September 11, 2019, a grand jury charged Defendant 1 with conspiracy to import cocaine into the United States and the manufacturing and distribution of cocaine to be imported into the United States (Dkt. #1). On December 12, 2019, the grand jury charged Defendant 2 with identical crimes. The Court granted the Government's Motion to Consolidate these cases (Dkt. #42). The Government now moves to designate the case as complex to toll the 70-day clock prescribed by the Speedy Trial Act (Dkt. #24). Both parties convened with the Court on October 1, 2021 for a hearing on this matter (the "Hearing").

**LEGAL STANDARD**

The Speedy Trial Act, codified at 18 U.S.C. § 3161, requires a defendant's trial commence within 70 days of his indictment. *United States v. Parker,* 505 F.3d 323, 326 (5th Cir. 2007). Subsection (h) to § 3161 contains several exclusions that toll the 70-day deadline. § 3161(h); *United States v. Rojas*, 812 F.3d 382, 409 (5th Cir. 2016). These include, among others, "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"; "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted"; and "[a]ny period of delay resulting from a continuance granted by any judge." 18 U.S.C. § 3161(h).

Subsection (h)(7) describes the "[f]actors the judge shall consider in determining whether to grant a continuance" that will toll the 70-day Speedy Trial period. Such factors include, among others, "[w]hether the case is so unusual or so complex . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the 70-day time limit," § 3161(h)(7)(B)(ii), and

> [w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would: deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

§ 3161(h)(7)(B)(iv). A district judge may designate a case as complex "due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law." *Id.*

The Supreme Court has set a highly deferential bar for district courts making factual determinations in accordance with § 3161. Finding that, "[o]n its face" subsection (h)(1)(D) excludes "[a]ny period of delay" caused by "any pretrial motion," "from the filing of the motion through the conclusion of the hearing," the Court held the period of delay for a hearing on a pretrial motion need not even be "reasonable" to be excluded. *Henderson v. United States*, 476 U.S. 321, 326–27 (1986). The only established requirement is that the district court "set forth reasons for its findings" that a period of time should be excluded from the 70-day clock. *Zedner v. United States*, 547 U.S. 489, 499 (2006). Such findings "must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2)." *Id.*

The Fifth Circuit has concluded that a district court's designation of a case as complex constitutes a sufficient ground to satisfy the statutory requirements for a continuance. *United States v. Bieganowski*, 313 F.3d 264, 282, n.15 (5th Cir. 2002). Even if the court does not designate a case as "complex," it may grant a continuance to ensure the parties the reasonable time necessary

3

for effective preparation. § 3161(h)(7)(A)(iv). The district court has discretion to make findings of fact in determining whether a case is complex and whether the parties need additional time for effective preparation. For the Fifth Circuit to overturn such factual findings, the findings must be "clear[ly] erro[neous]." *United States v. Edelkind*, 525 F.3d 388, 397 (5th Cir. 2008).

## ANALYSIS

The facts of this case do not render it complex. Nor does the Court find, at this point, that it should toll the Speedy Trial window to allow for effective preparation.[2] The Government argued in both its motion and at the Hearing that this case is complex in that it "alleges an international cocaine importation conspiracy" and involves "intercepted communications related to the conspiracy" (Dkt. #29 at p. 3). Further, there are "witnesses located abroad and evidence in Costa Rica about a 270 kilogram seizure on October 4, 2018" (Dkt. #29 at p. 3). Thus, the Government asserts, "the voluminous and foreign-language nature of the discovery supports a determination that this case is complex" (Dkt. #29 at p. 3). Alternatively, the Government urges that for the same reasons, it requires more time to effectively prepare for trial (Dkt. #29 at p. 4). Specifically, the foreign-language nature of the discovery will require translations of materials before they can be presented to a jury (Dkt. #29 at p. 4).

At the Hearing, Defendants responded that this case involves only two defendants. Further, the Government has had the vast majority of any discovery materials in its possession for 20 years—that is, since Defendant 1 was tried and sentenced in the Southern District of New York. For these reasons, Defendants argued the Government should not now be permitted to toll the Speedy Trial clock.

---

[2] The Court did, however, grant the Government's Motion for Foreign Deposition (Dkt. #29). Under § 3161(h)(8), this order will toll the Speedy Trial for a period not to exceed one year.

I.   **Case Complexity Under § 3161(h)(7)(A)(ii)**

Regardless of the duration of time the Government had access to discovery materials, the Court finds this case is not so complex as to warrant Speedy Trial tolling under § 3161(h)(7)(A)(ii). The facts do not rise to the level of complexity that has necessitated such a designation in other cases. *See, e.g.*, *United States v. Bieganowski*, 313 F.3d 264 (5th Cir. 2002) (involving seven defendants charged in 23-count indictment, voluminous discovery, numerous logistical constraints on one defendant's ability to cooperate in his defense, and thousands of medical and financial documents); *United States v. Rojas*, 812 F.3d 382 (5th Cir. 2016) (concerning four defendants alleged with conspiring to import thousands of kilograms of cocaine into the United States); *United States v. Akins*, 746 F.3d 590 (5th Cir. 2014) (dealing with approximately 10,000 wiretapped telephone calls, cross-border drug trafficking of cocaine, and a grand jury indictment of 18 defendants); *United States v. Won*, No. 3:16 CR 516, 2018 WL 6840095 (N.D. Tex. Dec. 28, 2018) (finding 17 defendants, a "unique prosecution," millions of documents, and at least 16 production batches of discovery made the case complex); *United States v. Lewis*, 476 F.3d 369 (5th Cir. 2007) (concerning ten defendants and even more witnesses); *United States v. Stalnaker*, 571 F.3d 428 (5th Cir. 2009) (involving 13 defendants).

In comparison, this case more closely aligns with the facts of cases in which courts declined to make a complex designation. *See, e.g.*, *United States v. Blackwell*, 12 F.3d 44 (5th Cir. 1994) (involving only two defendants); *United States v. Valdez*, 418 F.2d 363, 364 (5th Cir. 1969) (concerning only three defendants indicted on four counts of interstate transportation of stolen motor vehicles); *United States v. Kelly*, 973 F.2d 1145 (5th Cir. 1992) ("An examination of the totality of circumstances indicates that counsel had sufficient time to prepare for the case."); *United States v. Bohuchot*, No. 3:07-CR-167-L, 2008 WL 11419067 (N.D. Tex. May 13, 2008) (denying

the government's request because the case complexity "provision is simply a factor set out by statute for the court to consider in determining whether to grant a motion to continue"); *United States v. Badwan*, 624 F.2d 1228 (4th Cir. 1980) (involving two defendants and a five-count indictment).

This case involves only two defendants indicted on two counts of drug-related charges. To be sure, the existence of foreign evidence factors in favor of a complex designation. However the Court resolves that issue by granting the Government's Motion for Foreign Deposition (Dkt. #29), which will allow ample time to obtain this evidence. Further, this decision does not impede either party's opportunity to request later continuances as the case proceeds. Accordingly, at this point, the Court does not find it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." § 3161(h)(7)(A)(ii).

## II.     Effective Time to Prepare for Trial Under § 3161(h)(7)(A)(iv)

For similar reasons, the Court declines to grant a continuance under § 3161(h)(7)(A)(iv). The Court granted a foreign deposition, which provides the Government with a period not to exceed one year that is excluded from the 70-day Speedy Trial window. § 3161(h)(8). The Court finds such time will presumably allow both parties to effectively prepare for trial.

Additionally, courts regularly deny motions to continue despite much shorter time constraints placed on defense counsel and the Government. *See, e.g.*, *Akins*, 746 F.3d 590 (affirming denial of motion to continue even though the case was designated as complex and counsel's preparation time was limited to 46 days because the grant or denial of a continuance is within the sound discretion of the trial court); *Lewis*, 476 F.3d 369 (affirming denial of motion to continue because, even though the case was designated as complex and counsel's preparation time was limited to ten days, the grant or denial of a continuance is within the sound discretion of the

6

trial court); *Stalnaker*, 571 F.3d 428 (affirming denial of defendant's motion to continue because there was no indication of substantial prejudice due to the limited trial preparation period); *United States v. Hayes*, 267 F. Supp. 3d 827 (W.D. Tex. 2016) (denying motion to continue because court had afforded the parties almost a year in which to engage in discovery and prepare for trial).

Lastly, as previously mentioned, this decision does not impede either party's opportunity to request later continuances as the case proceeds.

## CONCLUSION

It is therefore **ORDERED** that the Government's Motion for Complex Case Designation (Dkt. #24) is hereby **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 22nd day of October, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE