```
                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF TEXAS
                         SHERMAN DIVISION

 UNITED STATES OF AMERICA       | DOCKET 4:19-CR-228
                                |
                                | AUGUST 2, 2023
 VS.                            |
                                | 9:58 A.M.
                                |
 BYRON ALCIDES BERGANZA ESPINA  | SHERMAN, TEXAS

 ----------------------------------------------------------

           VOLUME 1 OF 1, PAGES 1 THROUGH 16

       REPORTER'S TRANSCRIPT OF SENTENCING HEARING

       BEFORE THE HONORABLE AMOS L. MAZZANT, III,
                UNITED STATES DISTRICT JUDGE

 ----------------------------------------------------------


APPEARANCES:

FOR THE GOVERNMENT:      MICHAEL A. ANDERSON
                         U.S. ATTORNEY'S OFFICE
                         101 E. PARK BOULEVARD, SUITE 500
                         PLANO, TX 75074


FOR THE DEFENDANT:       ALEXEI MARC SCHACT
                         ATTORNEY AT LAW
                         123 WEST 94TH STREET
                         NEW YORK, NY 10025


COURT REPORTER:          CHRISTINA L. BICKHAM, CRR, RDR
                         FEDERAL OFFICIAL REPORTER
                         101 EAST PECAN
                         SHERMAN, TX 75090



     PROCEEDINGS RECORDED USING MECHANICAL STENOGRAPHY;
   TRANSCRIPT PRODUCED VIA COMPUTER-AIDED TRANSCRIPTION.
```

1             (Open court, defendant present.)
2             THE COURT: Okay. I think we're going to go back
3  on our normal schedule, I think. Our next case is
4  4:19-cr-228, *United States of America versus Byron Berganza*
5  *Espina*.
6             MS. ANDERSON: Good morning, your Honor. Michael
7  Anderson appearing on behalf of Ernest Gonzalez for the
8  United States Government.
9             THE COURT: Mr. Anderson, are you new to the --
10            MS. ANDERSON: Yes. Yes, I am. I replaced
11 Colleen Bloss in our office.
12            THE COURT: Okay. Welcome to the Eastern District
13 Sherman Division. Good to have you here.
14            And then for the defense?
15            MR. SCHACT: Good morning, your Honor. Alexei
16 Schact for Byron Berganza.
17            THE COURT: Okay. And then we also have our court
18 interpreter assisting. She's already been sworn in.
19            MR. SCHACT: Your Honor, before we start,
20 unfortunately, Mr. Gonzalez is not here; and I was emailing
21 with him this morning. I'm not sure. I may need to ask
22 for a continuance.
23            Your Honor is aware I filed a sentence memo, a
24 sealed sentence memo. And there was some miscommunication
25 between us. I thought the government was going to file a

1   motion today, a 5K motion, and they are not doing that and
2   so -- unless your Honor is willing to give my client a
3   sentence other than what's in the 11(c)(1)(C), which I
4   doubt you would be, but I would certainly welcome it given
5   the factors in the case.
6           THE COURT:  Well, I don't know about that issue.
7   I mean, the question is -- I assume you're asking me to
8   reject the 11(c)(1)(C) agreement because I know that's the
9   only way the Court could ever proceed --
10          MR. SCHACT:  Yes.  And I'm not trying to get you
11  to reject the 11(c)(1)(C) agreement, which obviously I
12  agreed to.  It's just that we had a miscommunication
13  between myself and Mr. Gonzalez.
14          I submitted my sentence memo -- that obviously you
15  have -- to Mr. Gonzalez in advance of court a couple weeks
16  ago and I asked him if this was okay to submit this memo
17  and he said yes.  And so that's what the miscommunication
18  was.
19          And, obviously, I'm asking for a ten-year sentence
20  in my memo; and so I was anticipating that he would at
21  least file a 5K motion -- if not consent to the ten years,
22  at least file a motion for some reduction.  And I know that
23  my client 's cooperation is ongoing and, you know, perhaps
24  will result in a Rule 35 motion.  But you see I'm in this
25  unusual situation in this case.

1         THE COURT:  Well, let me see.  Mr. Anderson, can
2    you shed any light on this?
3         MS. ANDERSON:  You know, I can't talk to the Court
4    about what the two attorneys specifically spoke about.  But
5    at the same time, I don't know why we can't just go forward
6    with today's sentencing -- either continue the sentencing
7    or go forward with the sentencing as written and just do a
8    Rule 35 later when cooperation is completed, which would be
9    the normal course.
10        THE COURT:  Well -- so -- and I know that it's an
11   oddity the way our U.S. Attorney's Office operates.  You
12   know, at judges school they teach us that the cooperation
13   prior to sentencing should be in a 5K motion and any
14   cooperation after is a Rule 35; but that is not the way our
15   U.S. Attorney's Office operates and that's outside the
16   purview or dictates of the Court.
17        So it clearly sounds like a Rule 35 is going to
18   come later.  I mean, that's a -- that is going to happen.
19   You're right.  Usually -- Mr. Gonzalez usually does say on
20   the record whether there is going to be a Rule 35 so --
21        Or is that still up in the air?
22        MS. ANDERSON:  Well, my -- the issue, as I
23   understand it, is that just the cooperation is ongoing.
24   And I will admit it's bad practice to file either a 5K or
25   Rule -- well, wouldn't be a Rule 35 yet but a 5K -- if

1    cooperation is not yet complete.  We should let it run its
2    course, and my understanding is that's where we're at right
3    now.
4              THE COURT:  But my question, though, is is a
5    Rule 35 coming?
6              MS. ANDERSON:  Yes.
7              THE COURT:  I mean, one is going to happen in this
8    case?
9              MS. ANDERSON:  Yes.  I believe that that's the --
10   yes.
11             THE COURT:  Okay.  So then there's the question do
12   you want to proceed, knowing that -- if we proceed and I
13   accept the 11(c)(1)(C), I have to do the 240.  Without a
14   5K, I can't do anything less than that.
15             MR. SCHACT:  I understand.
16             Part of the reason why -- the problem with the
17   sentencing is in the normal course, my client would be
18   designated somewhere and he'd be out of the district
19   typically and so that would hamper his ability then to
20   continue cooperation unless they were going to keep him in
21   the district, which I don't think they can commit -- or
22   they are going to commit today to do that.  So that's a
23   kind of logistical problem that I would have.
24             Certainly if the government will say on the
25   record, you know, all things being equal, they are

1  guaranteeing him a Rule 35 motion --

2          THE COURT:  Well, I believe that's already been

3  said; so I think a Rule 35 will be coming.  And you are

4  welcome to make an argument of what -- I mean, they'll make

5  their recommendation.  Whether that's going to be another

6  ten years off, I have no idea; but the Court is not bound

7  by that.  So you certainly can make any argument you want

8  so that I'm aware of what you are asking the Court to do

9  later when the Rule 35 is filed down the road.

10         MR. SCHACT:  Your Honor, may I have a --

11         THE COURT:  I've never denied --

12         MR. SCHACT:  -- moment to --

13         THE COURT:  I've never denied a Rule 35.  It's

14  just a question of how much I give off.

15         MR. SCHACT:  Of course.

16         May I have a moment to consult with my client?

17         THE COURT:  Yes.

18         MR. SCHACT:  I feel like I need to --

19         THE COURT:  No, please do.  Please do.

20         MR. SCHACT:  Thank you.

21         (Off-the-record discussion between the defendant

22  and Mr. Schact.)

23         MR. SCHACT:  Your Honor, thank you for giving me

24  the time to consult with my client.  After consultation

25  with him, we will proceed with sentencing today with the

1  understanding that we've already discussed, that he will
2  get at some point in the future -- it's unclear when -- a
3  Rule 35 motion.
4           THE COURT:  Yeah.  The only thing the Court has --
5  and I will certainly grant that when that comes through.
6  The question is what that sentence should be.  What I would
7  advise you to do is -- the government will make a
8  recommendation, which typically the Court does typically
9  follow.  When they file that, just try to notify the Court
10 immediately your position on how much that should or
11 shouldn't be and then why.  That's why I just tell
12 attorneys when -- you know, because, again, the Court -- I
13 am not bound by their recommendation; but absent some
14 response, I usually follow it.
15          MR. SCHACT:  Yes.  No, I promise you, your Honor,
16 I will be in close contact with Mr. Gonzalez and make sure
17 that I submit whatever I'm going to submit prior to your
18 ruling on the Rule 35 motion.
19          THE COURT:  Okay.  I guess we're ready to go ahead
20 and proceed.  Let me go through our preliminary matters,
21 sir.
22          So, sir, you're here for your sentencing pursuant
23 to your final presentence report that was filed on
24 June 27th, 2023.  Have you had a chance to review the final
25 presentence report and have it translated into your own

1  language?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Have you had a chance to discuss it

4  with counsel?

5          THE DEFENDANT:  Yes.

6          THE COURT:  And do you understand it?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And do you believe the report

9  adequately covers your background?

10         THE DEFENDANT:  Yes.

11         THE COURT:  And are you satisfied with the

12  accuracy of the report?

13         THE DEFENDANT:  No.

14         MR. SCHACT:  Your Honor, what he's referring to is

15  I submitted, on June 20th, a series of objections.  So

16  he's -- in general, he's satisfied with the report subject

17  to my objections.

18         THE COURT:  Were the objections resolved?  I was

19  thinking they -- I thought they had been resolved.

20         MR. SCHACT:  Yeah.  I mean, in the addendum the

21  government made certain corrections, yes.

22         THE COURT:  I mean, as it currently stands, there

23  are no pending objections the Court needs to rule upon, I

24  didn't think.

25         MR. SCHACT:  No, there are not; but my client was

1  just referring, I think, to the original factual report.
2          THE COURT:  But as to the current -- so let me ask
3  him.
4          Sir, you understand that under the current report,
5  all of the objections your counsel had made have been
6  resolved?
7          THE DEFENDANT:  Yes.
8          THE COURT:  Okay.  So let me ask defense counsel.
9  Have you discussed the presentence report with your client,
10 and do you believe he understands it?
11         MR. SCHACT:  Yes, absolutely.
12         THE COURT:  And do you have any other comments,
13 additions, or corrections?
14         MR. SCHACT:  No.  And none of my objections anyway
15 affect the guidelines or the 11(c)(1)(C) plea.  They are
16 all factual matters.
17         THE COURT:  So on behalf of the government, any
18 comments, additions, or corrections, or objections?
19         MS. ANDERSON:  No, your Honor.
20         THE COURT:  Okay.  So, sir, you pleaded guilty to
21 Count 1, conspiracy to manufacture and distribute cocaine
22 intending, knowing, and with reasonable cause to believe
23 that the cocaine would be unlawfully imported into the
24 United States, pursuant to an 11(c)(1)(C) agreement; and
25 we'll talk about that here in a minute.

1          So the Court finds the information contained in
2   your presentence report has sufficient indicia of
3   reliability to support its probable accuracy.  The Court
4   adopts the factual findings, undisputed facts, and the
5   guideline applications in the presentence report.
6          Based upon a preponderance of the evidence
7   presented and the facts in the report, while viewing the
8   sentencing guidelines as advisory, the Court concludes as
9   follows:  Your total offense level is a 41, your criminal
10  history category is a 2, which provides for an advisory
11  guideline range of 360 months of imprisonment up to life
12  imprisonment.
13         Now, you have an 11(c)(1)(C) agreement for
14  240 months so -- I know I have a Sentencing Memorandum from
15  defense counsel, but I will call upon you first just to
16  tell me why I should accept the 11(c)(1)(C) that's below
17  the guideline range.
18         MR. SCHACT:  Your Honor, as I mentioned in my
19  Sentencing Memorandum, my client has been attempting to
20  cooperate with the government; and almost more
21  significantly in my mind, he has very serious health
22  problems.  The Court has been good enough to order that he
23  get surgery while he's incarcerated.  And that's the reason
24  why you see he wears these glasses -- is he's actually
25  going blind, and the surgery has somewhat assisted

1   ameliorating his eye problems.

2           But for all those reasons, a sentence of less than
3   30 years to life is certainly appropriate, given that he's
4   also 65 years old.

5           THE COURT:  Okay.  And, Mr. Anderson, what's the
6   government's position?

7           MS. ANDERSON:  I would concur with that, your
8   Honor.  From the government's perspective, his cooperation
9   has been very useful in this case.

10          THE COURT:  Okay.

11          And then, sir, you have the right to address the
12  Court prior to sentencing.  Now would be the time if you
13  wanted to say something.

14          THE DEFENDANT:  Good morning or afternoon.

15          It is very difficult for me to be in this
16  situation, but I'm here to ask for forgiveness for what I
17  have done.  What I have done after getting out of prison
18  doing the 12 years, I wanted you to know that I learned a
19  lot from that first offense.  I did not get out with that
20  mentality.

21          But I left a son, a 9-year-old son, outside my
22  home; and when I came back, he asked me for help.  He was
23  in debt; and as a father, I supported him to try to find
24  that money so he will not get killed for it.  He got killed
25  anyway, your Honor, I mean; but it was not because we

1  didn't try to save him.
2  What I have done and what I did, it was a way for
3  me to try to save the life of my son, to do anything for
4  him. I mean, at my age, I was not really doing that for
5  that. My health was bad. My age. I mean, I'm suffering
6  of many other health issues.
7  I'm asking for forgiveness, your Honor. But I'm
8  telling you that what I'm saying here, I'm here to leave
9  the decision in your hands and in God's hands; and I hope
10  that you give me a sentence that is just just.
11  And I'm asking for peace to you, peace to
12  everybody, and God bless you. Thank you.
13  THE COURT: Okay. Thank you, sir.
14  Any reason why the Court should not pronounce
15  sentence at this time?
16  MS. ANDERSON: No, your Honor.
17  MR. SCHACT: No, your Honor.
18  THE COURT: And I will fully accept the
19  11(c)(1)(C) agreement in accordance with the reasons stated
20  by counsel.
21  Pursuant to the Sentencing Reform Act of 1984,
22  having considered the factors noted in 18 USC,
23  Section 3553(a), and having consulted the advisory
24  sentencing guidelines, it is the Judgment of the Court that
25  the defendant is hereby committed to the custody of the

1  Bureau of Prisons to be imprisoned for 240 months on
2  Count 1 of the Indictment, which is the 11(c)(1)(C)
3  agreement.
4      I expect a Rule 35 to be filed later, sir; and I
5  will grant your reduction at that time.  How much that
6  reduction will be, I don't know yet; but I will grant that
7  request when it comes.
8      This sentence is within the advisory guideline
9  range that is greater than 24 months; and this specific
10 sentence is imposed after consideration of the factors set
11 forth in 18 USC, Section 3553(a).
12     The Court finds you don't have the ability to pay
13 a fine; I'll waive the fine in this case.
14     It is ordered you will pay the United States a
15 special assessment of $100, which is due and payable
16 immediately.
17     You are ineligible for all federal benefits listed
18 in 21 USC, Section 862(d), for a period of ten years from
19 the date of this order.
20     Upon release from imprisonment, you shall be
21 placed on supervised release for a term of five years.
22 Within 72 hours of release from the custody of the Bureau
23 of Prisons, you must report in person to the probation
24 office in the district where you are released.
25     You must not commit another federal, state, or

1  local crime and must comply with the standard conditions
2  that have been adopted by the Court.
3       In addition, you must comply with the mandatory
4  and special conditions and instructions that have been
5  provided to you and your counsel as part of the presentence
6  report prior to sentencing, which the Court hereby adopts.
7       Let me ask, Counsel, would you like me to include
8  any geographic location as a recommendation to the Bureau
9  of Prisons?
10      (Off-the-record discussion between the defendant
11 and Mr. Schact.)
12      MR. SCHACT:  Your Honor, my client would
13 appreciate it if you would recommend a facility as close as
14 possible to Dallas, Texas.
15      THE COURT:  Okay.  I'll put DFW.  With his medical
16 conditions, he may go to the medical facility; but I'll put
17 DFW as a recommendation.
18      Now, sir, you have the right to appeal your
19 conviction if you believe your guilty plea was somehow
20 unlawful or involuntary or if there was some other
21 fundamental defect in the proceedings that was not waived
22 by your guilty plea.
23      You have a statutory right to appeal your sentence
24 under certain circumstances, particularly if you believe
25 your sentence is contrary to law.  However, you can waive

1  some of these rights as part of your Plea Agreement; and
2  you have entered into a Plea Agreement which waives certain
3  rights to appeal your conviction and your sentence.
4        With the exception of the grounds reserved in your
5  Plea Agreement, you have waived any right to appeal in this
6  case.  Such waivers are generally enforceable; but if you
7  believe the waiver is not enforceable, you would need to
8  present that theory to the appellate court.  With few
9  exceptions, any Notice of Appeal must be filed within
10 14 days of the Judgment being entered in this case.
11       If you are unable to pay the cost of the appeal,
12 you can apply for leave to appeal *in forma pauperis*, which
13 is without payment of fees; and if you so request
14 assistance, the Clerk of the Court will prepare and file a
15 Notice of Appeal on your behalf.
16       Now, your presentence report is already part of
17 the record.  It's under seal.  It will remain under seal
18 unless needed for purposes of appeal.
19       Are there any charges to dismiss, Mr. Anderson?
20       MS. ANDERSON:  To the extent there are any
21 additional charges, your Honor, at this time the government
22 would ask that they be dismissed.
23       THE COURT:  Okay.  If there are, I'll go ahead and
24 grant that request.
25       And then anything further from the government?

1    MS. ANDERSON:  No, your Honor.
2    THE COURT:  Anything further from defense?
3    MR. SCHACT:  No, your Honor.
4    THE COURT:  Okay.  Then, sir, you're going to go
5 back into custody of the marshals pending your placement.
6 I wish you good luck.
7    (Proceedings concluded, 10:18 a.m.)
8 COURT REPORTER'S CERTIFICATION
9    I HEREBY CERTIFY THAT ON THIS DATE, AUGUST 21,
10 2023, THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD
11 OF PROCEEDINGS.
12
13              /s/
                 CHRISTINA L. BICKHAM, CRR, RDR
14
15
16
17
18
19
20
21
22
23
24
25